UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTRICE MITCHELL,

                          Plaintiff,                Civil Action No. 18-cv-10376
                                                    Honorable Paul D. Borman
                                                      Magistrate Judge David R. Grand

v.

TERRY VANKEUREN,
CITY OF FLINT POLICE
OFFICER JOHN DOE, and
THE CITY OF FLINT,

                          Defendants.

_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF MARTRICE MITCHELL'S MOTION FOR SUMMARY JUDGMENT [36]

This case got off to a slow start, as *pro se* Plaintiff Martrice Mitchell ("Mitchell") needed multiple attempts to file a complaint that complied with the Federal Rules of Civil Procedure. Mitchell, with the assistance of the Detroit Mercy Law *Pro Se* Legal Clinic, finally filed a proper amended complaint on September 3, 2019. (ECF No. 33.) Mitchell alleges that the City of Flint and one of its police officers, Terry VanKeuren, violated his constitutional rights pursuant to 42 U.S.C. § 1983. (*Id*.)[1] Specifically, Mitchell alleges that, after placing him under arrest during a traffic stop for which there was no probable cause, VanKeuren took his watch, cell phone, and wallet, and improperly impounded his vehicle. (*Id.*). Mitchell alleges that despite his requests, his cell phone and wallet (including money inside it) were not returned to him after his release. (*Id.*). He also alleges that his car was not returned to him. (*Id.*). He alleges the wrongful conduct was done pursuant to a "formal policy, practice or custom" maintained by the City of Flint. (*Id.*)

---

[1] Mitchell also sued a John Doe police officer who has yet to be identified in the record.

This case was referred to the undersigned for all pretrial matters under 28 U.S.C. § 636(b). (ECF No. 4.)  On March 30, 2020, Mitchell filed a motion for summary judgment.  (ECF No. 36.)[2] For the reasons set forth below, the Court **RECOMMENDS** that Mitchell's motion for summary judgment **(ECF No. 36)** be **DENIED**.

## I.     REPORT

### A.     The Applicable Legal Standards

Pursuant to Rule 56, the Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011).  A fact is material if it might affect the outcome of the case under governing law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the Court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party.  *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009).  "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'"  *Wrench LLC v. Taco Bell Corp.,* 256 F.3d 446, 453 (6th Cir. 2001) (quoting

---

[2] It appears that due to mail and staffing issues resulting from the COVID-19 pandemic, this motion was not docketed until May 4, 2020.

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)).  In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion."  *Alexander,* 576 F.3d at 558 (quoting *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989)).  Indeed, "'[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.'"  *Id.* (quoting *Everson v. Leis,* 556 F.3d 484, 496 (6th Cir. 2009)).  "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment."  *Id.* at 560 (citing *Lewis v. Philip Morris, Inc.,* 355 F.3d 515, 533 (6th Cir. 2004)).

     **B.**    **Analysis**

In Mitchell's summary judgment motion, he simply asserts:

1. The Defendants never rebutted my claim, that they acted outside color of law and the Supreme [sic] already ruled state officials acting by color of law may be personally liable for the injuries or torts they cause [sic] and sovereign immunity may not be asserted.  []  Maxim of law *"He who creates the controversy is liable[.]"* [sic].

2. The Defendants engaged in a simulated law process, conversion, fraud and attainder in violation of law **18 U.S. Code sec. 1341** and **4ᵗʰ through 14ᵗʰ amendments of the U.S. Constitution** after an alleged traffic stop.

3. The Defendants lack meritorious claim or contention in law and used a fictitious obligation to justify a traffic stop and arrest for an alleged warrant, which they are required to provide an official record or copy pursuant to **Federal Rules of Evidence 902** for the alleged citation and arrest warrant to the court.

(ECF No. 36, PageID.163-64) (emphasis in original.)

These statements literally form the entire basis of Mitchell's motion.  (*Id.*)  Mitchell cites to (and provides) no *evidence* whatsoever, let alone evidence sufficient to establish that any of the Defendants are liable to him under any legal theory.  As noted above, a party seeking summary

judgment must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact in order to succeed. *See Celotex*, 477 U.S. at 325 (1986); *Alexander*, 576 F.3d at 558. Mitchell clearly failed to do so. As such, his motion should be denied.

## II.    RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS** that Mitchell's motion for summary judgment **(ECF No. 36)** be **DENIED**.

Dated: May 15, 2020                                          s/David R. Grand
Ann Arbor, Michigan                                      DAVID R. GRAND
                                                                          United States Magistrate Judge

## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 15, 2020.

s/Eddrey O. Butts

EDDREY O. BUTTS

Case Manager

5